UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 96-CR-00261-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CARL J. PETERSON

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the *pro se* Defendant's Petition to Seal Arrest and Criminal Records Pursuant to Section 24-71-308 C.R.S, filed December 24, 1996 [#17] and Motion for Leave to Proceed *in Forma Pauperis* and Affidavit of Indigency, filed January 27, 1997 [#18]. The Government did not respond to either motion.

In July 1996, the Defendant was charged in a one-count indictment with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The Defendant was arraigned and entered a plea of not guilty. Approximately one month later, the Government moved to dismiss the indictment for lack of sufficient evidence.

In December 2006, the Defendant, who then was incarcerated in a Colorado state correctional facility, filed a motion to seal the records of seven felony charges brought against him, three of which were dismissed and one for which he was acquitted. He subsequently filed a motion to proceed in his case *in forma pauperis* and attached as an exhibit a certified copy of his bank statement reflecting an account balance of $0.00. The

Defendant has adequately demonstrated his poverty. In the interest of providing broad access to the Courts, the motion to proceed *in forma pauperis* is granted.

Turning to the motion to seal, the Defendant uses what appears to be a Colorado state court form. Colorado state law provides that an individual in interest may petition the court to seal the records of any criminal offenses in cases that were dismissed and any criminal offenses for which the individual was not charged or was acquitted. *See* Colo. Rev. Stat. §24-72-308. This may explain why the form the Defendant used for his motion reflects the following conclusory statement to justify sealing: "The petitioner further shows the Court that harm to the Petitioner's [sic] privacy of the unwarranted advers [sic] circumstances, [sic] outweighs the public interest in retaining the records."

At the outset, the Court notes that after examining the record and docket for this case, the Court finds no reference to or documents concerning the criminal records the Defendant seeks to seal. However, to the extent that any of the referenced criminal records are on file in the instant case, although the Colorado State Courts may have a liberal policy as to the sealing of documents, this Court does not. *See* D.C.COLO.LCivR 7.2. A boilerplate conclusory statement, standing alone, is not sufficient to justify sealing any documents filed in open court. Therefore, it is

ORDERED that the Defendant's Motion for Leave to Proceed *in Forma Pauperis* and Affidavit of Indigency, [#18] is **GRANTED**. His Petition to Seal Arrest and Criminal Records Pursuant to Section 24-71-308 C.R.S [#17] is **DENIED.**

Dated: June 15, 2010

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE